## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**LYNDA B. HARRIS,**

        **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　**Civil Action No. 3:20cv625**

**AMERICAN CORADIUS INTERNATIONAL LLC,**

        **Defendant.**

## COMPLAINT

### INTRODUCTION

1.    Plaintiff Lynda B. Harris asserts that American Coradius International LLC, a collection agency, violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq*. ("FDCPA") while attempting to collect an alleged debt for a credit card, a debt that Plaintiff did not owe.

### JURISDICTION

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

3.    Plaintiff Lynda B. Harris ("Ms. Harris") is a natural person who resides in Virginia and in this district. Plaintiff is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4.    Defendant American Coradius International LLC ("American Coradius"), is a foreign corporation, with a principal office address of 2420 Sweet Home Road, Suite 150, Amherst, New York 14228, the principal purpose of which is the collection of consumer debts and

has as its registered agent Corporation Service Company located at 100 Shockoe Slip, Floor 2, Richmond, Virginia 23219.

5. Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Defendant sent the Plaintiff a dunning letter[1] dated May 15, 2020, seeking to collect a $21,643.23 credit card bill that it claimed Plaintiff owed to USAA Savings Bank for a personal credit card account. A true and accurate copy is attached hereto as Exhibit A.

7. Plaintiff' sent Defendant a June 15, 2020 letter advising Defendant that she did not owe USAA Savings Bank for a credit card, that this was a card used by her deceased husband, and directing Defendant not to communicate further with her regarding any alleged credit card debt. A true and accurate copy is attached hereto as Exhibit B.

8. Defendant received Plaintiff's letter.

9. Defendant received Plaintiff's letter on June 18, 2020.

10. Renee Reynolds signed the USPS Domestic Return Receipt – Form 3811 (the "green card") for Defendant and dated it "6/18." According to her LinkedIn profile, Ms. Reynolds has been at ACI as manager of client services since December 2008. https://www.linkedin.com/in/renee-reynolds-811b198/. Last visited August 12, 2020.

---

[1] A "dunning letter" is a letter demanding payment of a debt--*i.e.*, a collection notice. *DeCapri v. Law Offices of Shapiro Brown & Alt, LLP*, 2014 U.S. Dist. Lexis 131979, *1, n.1, 2014 WL 4699591, *1, n,1 (E.D. Va. September 19, 2014); *Fariasantos v. Rosenberg & Associates, LLC*, 2 F. Supp. 3d 813, 816 (E.D. Va. 2014); *Bicking v. Law Offices of Rubenstein and Cogan*, 783 F. Supp. 2d 841, 842, n.1 (E.D. Va. 2011).

11.     Fifteen U.S.C. § 1692c(c) places in relevant portion the following requirement on Defendant and other third-party debt collectors:

> **§ 1692c.     Communication in connection with debt collection**
> ...
> (c) **Ceasing communication**--If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, <u>the debt collector shall not communicate further with the consumer with respect to such debt</u>

Underlined emphasis added.

12.     Plaintiff's letter stated, among other things, that she "will not pay this money that you say I owe."

13.     Plaintiff's letter stated, among other things, "(D)o not contact me again."

14.     Defendant did not cease communication with the Plaintiff.

15.     Defendant continued communicating with Plaintiff.

16.     Defendant then began calling to Plaintiff's home phone number, calling her on June 23 and 24, 2020. True and accurate copies of Plaintiff's caller i.d. are attached hereto as Exhibits C and D.

17.     Defendant sent the Plaintiff a second dunning letter dated June 26, 2020. A true and accurate copy is attached hereto as Exhibit E.

18.     Plaintiff requested that American Coradius cease communication with her, and she advised American Coradius not to contact her again.

19.     Defendant's June 26, 2020 communication was sent as a communication "from a debt collector."

20.     Defendant's violations of the FDCPA were material because Defendant continued collection communications after she wrote to Defendant to advise that she refused to pay a debt that she did not owe, and to advise Defendant not to contact her again, made Plaintiff believe that

her rights under the FDCPA would not protect her from being subjected to collections for a debt that she did not owe.

21. As a result of the Defendant's acts and omissions, Plaintiff has suffered actual damages and injury, including but not limited to, stress, mental anguish and suffering, anxiety, fear of damage to her credit reputation, and emotional distress.

## COUNT ONE:
## VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692c(c)

22. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at herein.

23. By continuing to communicate with Plaintiff in connection with the collection of the alleged debt after having been advised in writing by Plaintiff that she refused to pay the alleged debt and that she wished for Defendant to cease further communication with her, disputed the alleged debt, Defendant violated 15 U.S.C. § 1692c(c).

24. Plaintiff is therefore entitled to actual and statutory damages against Defendant, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT TWO:
## VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692d

25. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

26. By continuing to communicate with Plaintiff in connection with the collection of the alleged debt after having been advised in writing by Plaintiff that she refused to pay the alleged debt and that she wished for Defendant to cease further communication with her, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse in connection with the collection of a debt, and in so doing violated 15 U.S.C. § 1692d.

27. Plaintiff is therefore entitled to actual and statutory damages against Defendant, as well as her reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Lynda B. Harris requests that the Court enter judgment on her behalf against Defendant for:

A. Declaratory relief that Defendant violated the FDCPA as alleged;

B. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

D. Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C. §1692k(a)(3); and

E. Such other or further relief as the Court deems proper.

**TRIAL BY JURY IS DEMANDED**

          Respectfully submitted,
          LYNDA B. HARRIS
          By Counsel

__/s/ Dale W. Pittman_____
By: Dale W. Pittman, VSB#15673
Counsel for Lynda B. Harris
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 Facsimile
dale@pittmanlawoffice.com